The opinion of the Court was afterwards delivered by
Parsons, C. J.
In this action, the demandants count upon the seisin of their father, and upon a disseisin by the tenant. On the issue nul disseisin, a verdict was found for the tenant, agreeably to the direction of the judge, which the demandants move to set aside.
The parties claim under Thomas Kemble by separate conveyances; and the tenant derives his title immediately under the deed of *75 Arthur Noble to him, dated August 4th, 1802; and it is agreed that if Noble was then seised in fee of the tenements demanded, which are a parcel of flats below high-water mark, and they were conveyed by that deed to the tenant, then the verdict is right. Noble purchased of Kemble by a deed, July 12th, 1785, when it is agreed that Kemble ivas seised in fee, and that if by his deed the tenements were conveyed to Noble, then Noble was seised in fee when he executed his deed of August, 1802, to the tenant.
But the demandants insist that no estate in the tenements' passed by Kemble? s deed to Noble, he not then being in possession, and the deed being only a release. The evidence for tho tenant was, that Noble, at and after the execution of Kemble's deed to him, used the flats for the purpose of laying wood-coasters and other vessels on them. This we consider as proper evidence of Noble's possession, to be left to the jury.
If Noble was in possession, it cannot be presumed, without evidence, that he occupied for a particular purpose by a special license, or that he was a tenant at sufferance. He must, * therefore, be in possession either by right or by [ * 79 ] wrong; either as tenant at will or as a disseisor. If the former, the release operated to enlarge the estate; if the latter, it passed the estate; and qu&eunque vid data, Noble, by virtue of it, was seised in fee.
When Noble's deed to the tenant, which is also a release, was executed, the tenant had the same possession which Noble had when Kemble's deed to him was executed. The same conclusion must be inferred, — that Noble's estate in the tenements passed to the tenant, and that the verdict must stand.
As the releasor was seised in fee, and a valuable consideration was paid, whether the release might or might not be considered as a bargain and sale, or other conveyance to effect the intent of the parties, we give no opinion.

Let judgment be entered on the verdict.