Thurman, C. J.
The authorities seem to us quite conclusive, that a seizure of the goods of A, under color of pjrocess against B, is official misconduct in the officer making the seizure; and is a breach of the condition of his official bond, where that is that he will faithfully perform the duties of his office. The reason for this is, that the trespass is not the act of a mere individual, but is perpetrated colore officii. If an officer, under color of a fi. fa., seize property of the debtor that is exempt from execution, no one, I imagine, would deny that he had thereby broken the condition of his bond. Why should the law be different if, under color of the same process, he take the goods of a third person ? If the exemp *424 tion of the goods from the execution in the one case, makes their-seizure official misconduct, why should it not have the like effect, in the other ? True, it may sometimes be more difficult to ascertain the ownership of goods, than to know whether a particular piece of property is exempt from execution; but this ■ is not always the case, and if it were, it would not justify us in restricting to litigants, the indemnity afforded by the official bond, thus leaving the rest, of the community with no other indemnity against official misconduct than the responsibility of the officer might furnish.
This question was vefy fully discussed and considered, in a late-case in the court of appeals of New York — The People v. Schuyler, 4 Comstock, 173; and the authorities reviewed. It was an action of debt, against a sheriff and his sureties, upon his official bond,, conditioned that he would “well and faithfully in all things perform and execute the office of sheriff of said county of Renssalaer,. during his continuance in said office by virtue of his election thereto, without fraud, deceit, or oppression.” The alleged breach was, that under color of a writ of attachment against one Fay, he had seized the goods of one Batehellor, for *whose use the suit was brought. The court held, that the action was maintainable, and sustained their opinion by a citation of numerous authorities, Enlish and American, which it 'is unnecessary to repeat.
I may add, however, that the same doctrine seems to prevail-generally. See Archer v. Noble et al., 3 Greenleaf, 418; Harris v. Hanson, 11 Maine, 241; Skinner v. Phillips, 4 Mass. 75; Lowell v. Parker, 10 Met. 309; Cormack v. The Commonwealth, 5 Binney, 184; Forsythe v. Ellis, 4 J. J. Marshall, 298; Commonwealth v. Stockton et al., 5 Monroe, 129, Derby’s ed. 193.
The judgment of the district court and court of common pleas-must be reversed, and a writ of procedendo awarded.